```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCHOLLY,                 :
                                 :
          Plaintiff              :      CIVIL ACTION
                                 :
     v.                          :      NO. 07-cv-4998
                                 :
JMK PLASTERING, INC.,            :
BONNIE McGALLIARD, and           :
MICHAEL MCGALLIARD               :
                                 :
          Defendants.            :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                    **June 25, 2008**


Presently before the Court is the Motion of Defendants, Bonnie and Michael McGalliard ("Individual Defendants"), to Dismiss the Complaint, or for Partial Summary Judgment, pursuant to Rules 12(b)(6) and 56 (Doc. No. 11), and Plaintiff's Response thereto (Doc. No. 13). For the reasons set forth below, Individual Defendants' Motion shall be GRANTED IN PART and DENIED IN PART.


**BACKGROUND**

Plaintiff was intermittently employed by Defendant JMK Plastering, Inc., ("JMK") over a period of 20 years. There is some dispute between the parties as to the nature of Plaintiff's

services and pay structure during his employment, but both parties agree that Plaintiff worked as a driver for JMK, a company which builds pools. Bonnie McGalliard is the president of JMK, and Michael McGalliard, her son, is also an officer of JMK.

Plaintiff offers four chief allegations regarding his employment: 1) JMK failed to provide overtime pay to Plaintiff; 2) during Plaintiff's employment, JMK also employed illegal aliens who were paid "under the table" and at a sub-minimum wage; 3) Plaintiff complained to Defendants about this illegal practice; and 4) Defendants terminated Plaintiff in retaliation for these complaints.  In particular, Plaintiff alleges that Individual Defendants, as "owners/managers/principals of JMK," made the decision to terminate and deny overtime pay to Plaintiff.

On January 3, 2008, Plaintiff filed an Amended Complaint alleging violations of his rights under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981, the Fair Labor Standards Act ("FLSA"), the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collections Law ("WPCL"), and the Pennsylvania common law tort of wrongful discharge ("wrongful discharge").  On January 21, 2008, Individual Defendants filed the instant Motion to Dismiss Plaintiff's causes of action under

FLSA, PHRA, PMWA, and wrongful discharge, as they applied to the personal liability of the Individual Defendants.

## STANDARD OF REVIEW

This Court shall consider a Rule 12(b)(6) Motion to Dismiss as a Motion for Summary Judgment pursuant to Rule 56 when "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). To this end, Individual Defendants have included affidavits with their Motion averring that both were acting in their capacity as corporate officers when the disputed actions took place. Since the Amended Complaint itself acknowledges this fact, this is hardly a matter outside the pleading. It is within this Court's discretion to consider additional documents filed with a 12(b)(6) Motion. See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir.1993); Prager v. LaFaver, 180 F.3d 1185, 1189 (11th Cir. 1999). We need not do so in this case, and will weigh the instant Motion under the usual 12(b)(6) standards.

In ruling on a Rule 12(b)(6) motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of

Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (citations omitted). Plaintiff must provide factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

## DISCUSSION

Individual Defendants seek to dismiss Counts II, IV, V, VI, and VIII of Plaintiff's Amended Complaint.  Count II alleges discrimination under PHRA, Count IV retaliatory discharge prohibited by FLSA, Count V violation of PMWA, Count VI retaliatory discharge prohibited by PMWA, and Count VIII wrongful discharge under Pennsylvania common law.  We shall address each count individually.

### I. Count II – Discrimination under PHRA

Defendants maintain that Plaintiff must pierce the corporate veil of JMK in order to hold Individual Defendants personally liable for acts performed as JMK's officers.  The Pennsylvania Supreme Court, however, has explained:

> There is a distinction between liability for individual participation in a wrongful act and an individual's responsibility for any liability-creating act performed

4

>behind the veil of a sham corporation. Where the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity; therefore, its acts are truly his. Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

<u>Wicks v. Milzoco Builders, Inc</u>., 470 A.2d 86, 89-90 (Pa. 1983). Thus, for the causes of action arising under Pennsylvania law and sounding in tort, the corporate veil does not protect Individual Defendants.

Plaintiff's Response therefore correctly asserts that section 955(e) of PHRA allows for individual liability. Such liability, however, is expressly limited to persons who:

>*aid, abet, incite, compel or coerce* the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Cons. Stat. § 955(e) (emphasis added). Here, Plaintiff offers the following to support such a charge against Individual Defendants: "The Individual Defendants . . . directly participated in the illegal acts complained upon herein, and/or aided and abetted same." Am. Compl. ¶ 6. As the Supreme Court has explained, mere conclusory statements do not provide factual

5

grounds for relief.  See Twombly, 127 S.Ct. at 1964-65.  No other facts are offered by Plaintiff to support the bald allegation that either of the McGalliards "aided, abetted, incited, compelled, or coerced" another person to engage in discriminatory acts.  Accordingly, the cause of action against Individual Defendants stated in Count II will be dismissed.

## II. Count IV - Retaliatory Discharge under FLSA

Individual Defendants contend that FLSA does not allow individual liability of corporate officers under a theory of retaliatory discharge.  Individual Defendants concede in their own Motion, however, that FLSA may allow for individual liability because the statute's definition of "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  This Court is in agreement, and has previously held that an individual can be liable as an "employer" under FLSA. See Matukaitis v. Pa. Coalition Against Domestic Violence, 2005 U.S. Dist. LEXIS 31046 (E.D. Pa. November 8, 2005); Fassl v. Our Lady of Perpetual Help Roman Catholic Church, 2005 U.S. Dist. LEXIS 22546 (E.D. Pa. October 5, 2005); Norris v. North American Publishing Co., 1997 U.S. Dist. LEXIS 2352 (E.D. Pa. February 28, 1997); McKiernan v. Smith-Edwards-Dunlap Co., 1995 U.S. Dist. LEXIS 6822 (E.D. Pa.

May 17, 1995).  The portion of FLSA which pertains to retaliatory discharge uses even broader language; it forbids retaliatory discharge by any "person."  29 U.S.C. § 215.  Accordingly, in light of both the District Court consensus and FLSA's own statutory language, we find that individuals may be held liable under FLSA.

The question remains as to whether Plaintiff has sufficiently pleaded the necessary elements of his cause of action for retaliatory discharge.  The Third Circuit has held that in order to establish a prima facie case of retaliatory discrimination, it must be shown that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action.  See Preobrazhenskaya v. Mercy Hall Infirmary, 2003 U.S. App. LEXIS 16347 at *6-7 (3d Cir. July 30, 2003) (citing Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)).  FLSA describes the following behavior as being protected activity: "[when an] employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  29 U.S.C. § 215(a)(3).

Although the Third Circuit has not ruled directly on whether an informal complaint to an employer is activity protected by the FLSA, it has noted that "courts interpreting the anti-retaliation provision have looked to [FLSA's] animating spirit in applying it to activities that might not have been explicitly covered by the language. For example, *it has been applied to protect employees who have protested Fair Labor Standards Act violations to their employers*." Brock v. Richardson, 812 F.2d 121, 124 (3d Cir. 1987) (emphasis added). This Court has held that informal complaints to employers are protected by FLSA, see Chennisi v. Communs. Constr. Group, LLC, 2005 U.S. Dist. LEXIS 2274 (E.D. Pa. Feb. 17, 2005); Coyle v. Madden, 2003 U.S. Dist. LEXIS 23830 (E.D. Pa. Dec. 17, 2003), and the majority of circuits has held likewise.  See Lambert v. Ackerley, 180 F.3d 997 (9th Cir. 1999) (en banc) (holding internal complaints to employer satisfy § 215(a)(3)); Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999) (same); EEOC v. Romeo, 976 F.2d 985 (6th Cir. 1992) (same); EEOC v. White & Son Enters., 881 F.2d 1006 (11th Cir. 1989) (same); Love v. Re/Max of Am., Inc., 738 F.2d 383 (10th Cir. 1984) (same); Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179 (8th Cir. 1975) (same).

It follows that because FLSA allows for individual liability, and because informal complaints may be considered

protected activity, Plaintiff has sufficiently pleaded his cause of action against Individual Defendants.  We therefore cannot dismiss Count IV of Plaintiff's Complaint, and Defendants' Motion to Dismiss with respect to Count IV must be DENIED.

### III. Count V – Violation of the PMWA

Individual Defendants next assert that PMWA does not allow for individual liability.  As we explained above in regards to Count II (PHRA claim), Pennsylvania law does not shield corporate officers from individual liability for personal tortious conduct.  It is also difficult to reconcile this assertion with a concession Individual Defendants make in their own Motion that "the definition of 'employer' under the Fair Labor Standards Act . . . includes the officers of the corporation."  PMWA defines "employer" in terms substantially similar to those in FLSA:  "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe[e]."  43 Pa. Cons. Stat. § 333.103.  It would be incongruous to construe this practically identical language to having a meaning different from that of FLSA.  Further, without more specific guidance as to this issue, this Court "must resolve any uncertainties as to the current state of controlling

9

substantive law in favor of the plaintiff." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Thus, Individual Defendants' Motion to Dismiss Count V must also be DENIED.

**IV. Count VI – Retaliatory Discharge under PMWA**

The PMWA prohibits retaliatory discharge under the following terms:

> Any employer and his or her agent, or the officer or agent of any corporation, who discharges or in any other manner discriminates against any employe[e] because such employe[e] has testified or is about to testify before the secretary or his or her representative in any investigation or proceeding under or related to this act, or because such employer believes that said employe[e] may so testify shall, upon conviction thereof in a summary proceeding, be sentenced . . . .

43 Pa. Cons. Stat. § 333.112(a). The language of this section provides for criminal sanctions, and does not by its terms provide a private cause of action. Furthermore, even if a civil cause of action had been provided for, Plaintiff has alleged no activity prohibited by this section. Plaintiff cannot plead a cause of action under the express language of PMWA.

Plaintiff argues that the termination of his employment violated the public policy embedded in PMWA. Am. Compl. at ¶ 103. In applying state law, however, "[i]t is beyond the

authority of a federal court in such circumstances to create entirely new causes of action." Wolk v. Saks Fifth Ave., Inc., 728 F.2d 221, 223 (3d Cir. 1984).  "The only Pennsylvania cases applying the public policy exception have done so where no statutory remedies were available." Bruffett v. Warner Communications, Inc., 692 F.2d 910, 919 (3d Cir. 1982).  In consideration of these Third Circuit opinions, this District Court has already held that a retaliatory discharge claim under FLSA precludes a similar remedy under PMWA.  See Coyle, 2003 U.S. Dist. LEXIS 23830 at *14-15 ("Plaintiff has properly alleged a retaliatory discharge claim under FLSA. As a result, Plaintiff has an available statutory remedy for the alleged wrong, and thus, cannot maintain a wrongful discharge claim under Pennsylvania common law.").

   Here, Plaintiff's Amended Complaint claims numerous statutory remedies available to him for the discrimination, lack of overtime pay, and retaliatory discharge which he alleges.  For the reasons above, this Court will not create a new remedy in such a circumstance.  Count VI, as applied to Individual Defendants, will therefore be dismissed.

**V. Count VIII – Wrongful Discharge under State Common Law**

Finally, Plaintiff claims that the alleged retaliatory discharge is a violation of public policy embodied in PMWA and WPCL.  Am. Compl. at ¶ 103.  As we explained in regards to Count VII, "Pennsylvania law does not recognize a common law cause of action for violating public policy when there is a statutory remedy."  Mercy Hall Infirmary, 2003 U.S. App. LEXIS 16347 at *13.  The rationale behind this rule is simple: "If a common law action for the same claims were recognized, it would give the claimant an opportunity to circumvent the carefully drafted legislative procedures [of the pertinent statute]."  Bruffett, 692 F.2d at 919.  Success of the statutory claim is irrelevant; "it is the existence of the remedy, not the success of the statutory claim, which determines preemption."  DeMuro v. Philadelphia Housing Authority, 1998 U.S. Dist. LEXIS 20412 at *17 (E.D. Pa. Dec. 21, 1998) (quoting Jacques v. AKZO Int'l Salt, Inc., A.2d 748, 753 (Pa. Super. Ct. 1993)).  Here, Plaintiff has numerous statutory remedies available, and has pleaded them successfully.  We decline to recognize an unnecessary common law action.  Count VIII, as applied to Individual Defendants, will also be dismissed.

**CONCLUSION**

For the reasons explained above, Counts II, VI, and VIII of Plaintiff's Complaint must be dismissed with respect to Individual Defendants Bonnie McGalliard and Michael McGalliard.  Plaintiff has failed to show grounds for relief in Count II, and sets forth no legally recognizable claim in Counts VI and VIII.  Therefore, Individual Defendants' Motion to Dismiss these Counts is GRANTED.  Plaintiff has sufficiently pleaded legitimate causes of action in Counts IV and V.  Accordingly, Individual Defendants' Motion to Dismiss Counts IV and V is DENIED.[1]

An order follows.

---

[1] To be perfectly clear, as a result of this order, Counts I, III, IV, V, and VII remain against Bonnie McGalliard and Michael McGalliard. Counts I through VIII all remain against JMK,Inc.

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCHOLLY,                 :
                                 :
          Plaintiff              :      CIVIL ACTION
                                 :
     v.                          :      NO. 07-cv-4998
                                 :
JMK PLASTERING, INC.,            :
BONNIE McGALLIARD, and           :
MICHAEL MCGALLIARD               :
                                 :
          Defendants.            :
```

**ORDER**

AND NOW, this  25th day of June, 2008, upon consideration of Defendants' second Motion to Dismiss Pursuant to Fed.R.Civ.P.12(b)(6) and 56 (Doc. No. 11), and Plaintiff's Response thereto (Doc. No. 13), it is hereby ORDERED that Defendant's Motion is GRANTED IN PART AND DENIED IN PART and Counts II, VI, and VIII of Plaintiff's Amended Complaint against Bonnie McGalliard and Michael McGalliard are DISMISSED.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER, J.